UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

**SHERIKA FRANKLIN, as Personal Representative of the Estate of CHRISTOPHER REDDING, JR. the Deceased,**
  Plaintiff,

Vs.

**DEPUTY JASON POPOVICH, in his individual capacity,**
  Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** the Plaintiff, SHERIKA FRANKLIN, as Personal Representative of the Estate of CHRISTOPHER REDDING, JR. (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues Defendant, DEPUTY JASON POPOVICH, in his individual capacity, (herein after referred to as "Defendant POPOVICH") and herein requests judgment of this court declaring unconstitutional and unlawful certain actions of the defendant, which resulted in Plaintiff being deprived of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution as well as other civil rights guaranteed to the deceased under federal law, and seeks damages from Defendant as compensation for the deprivation of the deceased constitutional rights and other rights guaranteed under federal law, for an award of attorney's fees and authorized by law, all reasonable costs of this action, and for any other further relief that this Court deems just and proper.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. All condition precedent to the filing of this actions have occurred, accrued, or have been waived as a matter of law.

4. On information and belief, it is alleged that the named Defendant resides in this judicial district within Orange County Florida.

## PARTIES

5. Plaintiff, SHERIKA FRANKLIN, as Personal Representative of the Estate of CHRISTOPHER REDDING, JR. is presently a resident of Orange County, Florida and at all material times herein was a resident of said county.

6. The deceased CHRISTOPHER REDDING. JR. at all material times herein was a resident of said county.

7. Defendant, DEPUTY JASON POPOVICH, is a police officer who is employed by the Orange County Sheriff's Office and is over the age of eighteen (18) and on information and belief is a resident in or is employed in Orange County, Florida and is being sued in his individual capacity.

## GENERAL ALLEGATIONS

8. On February 28, 2017, Deputies Jason Popovich, John Leone, Christopher Marcus, and Javier Alvaro were a part of the Orange County Sheriff Investigative Support Squad

(ISS) along with other deputies that were serving an arrest warrant on Christopher Redding in Orange County Florida.

9. Redding was exiting an apartment complex with his girlfriend, Tonie Cameron and two children and they all got into a Ford Focus.

10. Deputies approached the Ford Focus and told Tonie Cameron to exit the vehicle with her hands in the air, which she did.

11. As Tonie Cameron turned to face the Deputies, the Deputies began shooting at Redding.

12. Gunfire was allegedly exchanged between Redding and the deputies.

13. Redding was shot multiple times during the exchange of gunfire and dropped his weapon while running from the deputies before he eventually fell to the ground.

14. Redding was unarmed and both deputies knew Redding was unarmed and had been shot multiple times when he was detained on the ground by Deputy Leone and Deputy Popovich who had their foot on both of Redding's arm.

15. When Redding was on the ground being detained by Deputy Leone and Popovich he had been shot in the chest; shot multiple times in the back; shot in the right arm; and shot in the right thigh.

16. Redding was in severe pain and he was detained on the ground with Deputy Leone and Popovich standing with their full body weight on both of his arms.

17. Deputy Lynch and Deputy Homestead were about to handcuff Christopher Redding, Jr. and while he was clearly detained and unarmed and not resisting, Mr. Redding was executed by Deputy Popovich when he fired two shot into the back of Christopher Redding's head.

18. Popovich use of force by discharging his firearm after Redding was detained on the ground was excessive.

19. Redding was severely wounded and no longer was armed and no longer posed a threat when Popovich discharged two bullets into the back of Redding's head which immediately ended his life.

20. Redding was about to be handcuffed by Deputy Homstead and Deputy Lynch when Popovich discharged two bullets into back of Christopher Redding, Jr.'s head.

21. Deputy Leone held Redding down while Popovich shot Redding in the back of the head twice.

22. Christopher Redding, Jr. was 20 years old at the time Deputy Popovich shot him in the back of the head two times and ended his life.

23. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to the right to be free from excessive use of force by persons acting under color of state law.

24. In violating Plaintiff's rights as set forth above, Defendants acted under color of state law that led to the use of excessive force by Defendants, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

25. As a direct and proximate result of the violation of plaintiff's constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

26. The conduct of POPOVICH was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## CAUSES OF ACTION

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I
### 42 U.S.C. §1983
### EXCESSIVE FORCE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

(Plaintiff, SHERIKA FRANKLIN, as Personal Representative of the Estate of CHRISTOPHER REDDING, JR. claim against Defendant, DEPUTY JASON POPOVICH, in his individual capacity)

27. COMES NOW, Plaintiff, by and through its undersigned counsel, and sues Defendant DEPUTY JASON POPOVICH, in his individual capacity and in support thereof, states as follows:

28. Plaintiff realleges the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

29. CHRISTOPHER REDDING, JR. had the right under the United States Constitution to be free from the use of excessive force when officers effectuate an arrest.

30. The actions of Defendant, DEPUTY JASON POPOVICH amount to deliberate indifference to the rights of CHRISTOPHER REDDING, JR. to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

31. Defendant, DEPUTY JASON POPOVICH shot CHRISTOPHER REDDING, JR. two times in the back of the head while he was detained, controlled, unarmed, and wounded.

32. Defendant, DEPUTY JASON POPOVICH, acted with deliberate indifference to the CHRISTOPHER REDDING, JR.'S rights and as a direct and proximate result of the violation of his constitutional right to be free from the use of excessive force during an arrest, CHRISTOPHER REDDING, JR. was killed and Plaintiff, SHERIKA FRANKLIN, as Personal Representative of the Estate of CHRISTOPHER REDDING, JR. is entitled to relief under 42 U.S.C. §1983.  This includes but is not limited to:  loss of his comfort, companionship, mental pain and suffering, funeral expenses, the future value of the estate, cost, interest and expenses of suit, and any other relief to which the Plaintiff may be entitled and all other damages associated with excessive force used against the CHRISTOPHER REDDING, JR.

33. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant, DEPUTY JASON POPOVICH and a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF, SHERIKA FRANKLIN, as Personal Representative of the Estate of CHRISTOPHER REDDING, JR. prays for damages against Defendant, DEPUTY JASON POPOVICH in his individual capacity, and an award of PLAINTIFF'S attorney's fees.  In addition, Plaintiff requests punitive damages against Defendant, DEPUTY JASON POPOVICH, in his individual capacity, for his conduct, which would deter him from such tortious conduct in the future.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 25th day of February, 2021.

*/s/ Carlus Haynes*
**CARLUS HAYNES, ESQ.**
Florida Bar Number: 0935611
8615 Commodity Circle, Unit 6
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email: champ@fighting4ulaw.com
Attorney for PLAINTIFF

*/s/ Bradley N. Laurent*
**BRADLEY N. LAURENT, ESQ.**
Florida Bar Number: 0010530
8615 Commodity Circle, Unit 6
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email: bnl@fighting4ulaw.com
Attorney for PLAINTIFF